**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

DAVID L. WILLIAMS,

    Petitioner,

v.

ROBERT TOOLE,

    Respondent.

CIVIL ACTION NO.: 6:16-cv-149

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner David Williams' ("Williams") failure to comply with the Court's Order of November 8, 2016, to re-submit his application to proceed *in forma pauperis* on the Court's preferred forms. (Doc. 9.) For the following reasons, I **RECOMMEND** the Court **DISMISS** Williams' Petition, (doc. 1), **without prejudice** for his failure to follow this Court's Orders and failure to prosecute and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** the Court **DENY** Williams leave to appeal *in forma pauperis*. The Court **DISMISSES as moot** Williams' Motions for Leave to Proceed *in Forma Pauperis* in this Court. (Docs. 4, 6.)

### BACKGROUND

Williams, who was housed at Georgia State Prison in Reidsville, Georgia, brought this action in the Middle District of Georgia pursuant to 28 U.S.C. § 2241 on August 12, 2016. (Doc. 1.) That court transferred Williams' Petition to this Court by order dated November 1, 2016. (Doc. 7.) On November 8, 2016, this Court deferred ruling on Williams' Motions for Leave to Proceed *in Forma Pauperis*. (Doc. 9.) The Court directed Williams to re-submit his

application to proceed *in forma pauperis* on the Court's preferred forms and directed the Clerk of Court to provide Williams with blank copies of those forms. (Id. at p. 1.) The Court cautioned Williams that, should he fail to comply with this Court's directive in a timely manner, his Petition could be dismissed, without prejudice. (Id. at p. 2.) The Court mailed that Order to Williams at the most recent address it has for him, and the Order was returned to the Court as undeliverable on November 21, 2016. (Doc. 10.) The Court has not received any pleading from Williams since that Order. Indeed, Plaintiff has not taken any action in this case after submitting a Motion for Leave to Proceed *in Forma Pauperis* with the Middle District of Georgia on September 14, 2016. (Doc. 6.)

**DISCUSSION**

The Court must now determine how to address Williams' failure to comply with this Court's directive. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Williams' Petition without prejudice and **DENY** Williams leave to appeal *in forma pauperis*.

**I.      Dismissal for Failure to Prosecute and Failure to Follow this Court's Order**

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.

2

Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or

seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). With Williams having failed to file a response to this Court's Order and the Court having no address at which it can reach him, the Court is unable to move forward with this case. Moreover, Williams was given ample time to follow the Court's directives, and Williams has not made any effort to do so or to inform the Court as to why he cannot comply with its directives or of his current whereabouts. Indeed, Williams has not taken any action in this case since filing his Motion for Leave to Proceed *in Forma Pauperis* on September 14, 2016.

Thus, I **RECOMMEND** the Court **DISMISS without prejudice** Williams' Petition, (doc. 1), for failure to prosecute and failure to follow this Court's Order and **DIRECT** the Clerk of Court to **CLOSE** this case.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Williams leave to appeal *in forma pauperis*. Though Williams has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Williams *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Williams leave to proceed *in forma pauperis* on appeal. The Court **DISMISSES as moot** Williams' Motions for Leave to Proceed *in Forma Pauperis* in this Court.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Williams at his last known address.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of December, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA